UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SALIM, et al.,

        Plaintiffs,

Case No. 2:17-cv-11297

HON. STEPHEN J. MURPHY, III

v.

DYNAMIC GLAZING SYSTEM INC.,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND
<u>DENYING IN PART DEFENDANT'S MOTION TO DISMISS [28]</u>**

The case is a seemingly straight-forward Fair Labor Standards Act dispute that has proven to be anything but. Plaintiffs allege that their former employer, Defendant Dynamic Glazing System Inc., unlawfully failed to pay overtime wages. ECF 1, PgID 6–7. To date, the litigation has not been exemplary: the parties struggled to engage in cooperative discovery, missed deadlines, and failed to honor commitments made to the Court. *See, e.g.*, ECF 11, 12, 13, 15, 17, 22. Recognizing that the parties needed help moving the case forward in a productive and efficient matter, the Court appointed Dan Sharkey to serve as a discovery master and facilitative mediator. ECF 17. Instead of the appointment having its intended effect, however, the case took a turn for the worse: Plaintiff Marvin Salim violated Local Rule 16.4(e)(5) by not attending a court-ordered facilitation. And worse yet, Salim was cagey—if not deceitful—when explaining why. Although representations were made that Salim was taking a commercial-driver-license course, Salim was actually either in jail or being released from jail at the time of the facilitation. In light of those events, Defendant requests that the Court either dismiss

1

Salim's claims or provide an alternative form of relief. For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

Courts are vested with certain implied powers to "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power includes the power to punish contempts; and the power extends to conduct both inside and outside of the courtroom. *Id.* at 44. When the Court exercises its inherent power, however, it must do so with restraint and discretion. *Id.*

Therefore, dismissing the complaint is unwarranted. Although Salim broke the rules, he was available by phone during at least portions of the facilitation. ECF 29-3. His behavior indicates that despite Salim's unusual circumstances, he tried his best to cooperatively move the case forward. Moreover, Defendant does not come to the Court with clean hands—as evidenced by the long sequence of events leading to the facilitation order. It would therefore be a miscarriage of justice for the Court to dismiss the complaint.

That said, Salim's behavior was flagrant. The Court is well aware of how the criminal justice system can unexpectedly affect an individual's life, and the Court does not hold it against Salim that he could not participate in the court-ordered facilitation because he was being released from jail. But Salim blatantly broke Local Rule 16.4(e)(5) by not attending the facilitation. And the violation was easily avoidable: the Court can excuse attendance upon a showing of extraordinary circumstances or the parties could have rescheduled the facilitation. But because attendance at facilitation is

an integral part of good-faith and productive negotiations, Salim's disregard for the rules and unwillingness to seek available remedies unduly frustrated the Court's mandate.

As is typically true, the most egregious behavior here was not the misconduct itself but its cover up. Instead of taking responsibility for the situation, Salim's counsel announced at the facilitation—inaccurately—that Salim could not attend because he was taking a commercial-driver-license course. And even after Defendant filed its motion, Salim did not correct the record. Instead, he allowed the Court to proceed under the false assumption that he was at a course. Salim did not come clean until Defendant—in its reply brief—attached an exhibit showing that Salim was in jail. Then, and only then, did Salim tell the truth in an "addendum"[1] to his previously filed response brief. Because that behavior is intolerable, the Court will order Salim to pay one-third of Defendant's facilitation fee owed to Mr. Sharkey. It represents Salim's share of the expense incurred by Defendant: the remaining two-thirds of the fee was not wasted because there was a settlement with the other two plaintiffs. The Court will also order a second round of facilitation. The Court will not award Defendant its attorney's fees for the first facilitation because that preparation will be beneficial for the second facilitation.

Lastly, the Court notes that Salim's counsel was at the very least complicit in the unseemly events that have transpired. By his own admission, Salim was in jail from November 7, 2017 to December 14, 2017; the latter was the date of the court-ordered facilitation. That means Plaintiff's counsel either did not talk to her client at all during the five weeks preceding the mediation or that she was aware of her client's situation, made a false statement to Defendant and the facilitator (who, due to his appointment, was an

---

[1] And Salim did not request the Court's leave prior to making an unusual filing of this sort, which could be viewed as another shortcut and sign of disrespect to the Court.

3

extension of the Court at the time), and then failed to correct the record once motion practice began. If the latter is true, then counsel's conduct was of questionable ethics and unbecoming of an officer the Court. After considering sanctions, however, the Court will give counsel the benefit of the doubt. All parties and lawyers are on notice that any future misconduct in the case will swiftly be addressed.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Dismiss [28] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin Salim shall pay Defendant Dynamic Glazing System Inc. one-third of the facilitation fee Defendant paid or owes to Dan Sharkey. No portion of Salim's payment shall be charged to Plaintiff Emile Woods or Plaintiff Mahmoud Hamadeh or subtracted from their settlement.

**IT IS FURTHER ORDERED** that Salim and Dynamic Glazing System Inc. are **REFERRED** to a second round of facilitation. This time, the parties shall facilitate with Magistrate Judge David R. Grand. The facilitation shall occur **no later than March 23, 2018.** If Magistrate Judge Grand does not have availability for the facilitation or if either party objects to facilitating with Magistrate Judge Grand, then the parties may agree on and contact a different Magistrate Judge in the Eastern District of Michigan. **No later than February 14, 2018**, the parties shall **FILE** notice stating the name of the facilitator as well as the scheduled date and location of the facilitation.

**IT IS FURTHER ORDERED** that, immediately upon completion of facilitation, the parties shall **FILE** notice stating the date facilitation was completed and whether a settlement was reached.

If a settlement was reached, then the parties shall **FILE** a stipulated order of dismissal within 21 days of the date the facilitation was completed.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: February 7, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 7, 2018, by electronic and/or ordinary mail.

                                              s/ David Parker
                                              Case Manager